UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL JEROME BEVERLY,

    Petitioner,

v.

MATT MACAULEY[1]

    Respondent.
_____/

Civil No. 2:18-13837
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER CONDITIONALLY GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [1]**

Emmanuel Jerome Beverly, ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree criminal sexual conduct (CSC I), and second-degree criminal sexual conduct (CSC II). The Wayne County Circuit Court sentenced him to concurrent prison terms

---

[1] The only proper respondent in a habeas case is the habeas Petitioner's custodian, which in the case of an incarcerated habeas Petitioner would be the warden of the facility where the Petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Matt Macauley in the caption, since he is now the warden at the facility where Petitioner is incarcerated.

1

of 30 to 60 years for the CSC I conviction and 10 to 15 years for the CSC II conviction.

Petitioner alleges that the trial court violated his right to confrontation by entering into evidence the unsworn preliminary examination testimony of the child complaining witness. Petitioner further alleges that trial counsel was ineffective by failing to object to entering into evidence the unsworn testimony.

Trial counsel was ineffective at the preliminary examination for failing to object to the taking of the unsworn testimony. The testimony was taken despite the fact that the seven-year-old was neither sworn nor otherwise qualified to tell the truth. Without this testimony, Petitioner could not have been bound over for trial.

The preliminary examination testimony became critical when the complaining witness was declared unavailable at trial. The Prosecutor sought to introduce the preliminary examination transcript in lieu of live testimony, and trial counsel did not object on the proper grounds. Petitioner was therefore denied the effective assistance of counsel. Accordingly, the petition for a writ of habeas corpus is conditionally granted.

## I. Background

Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of sexual assault on his seven-year-old male cousin. The child was the

sole witness at the preliminary examination. He was neither given an oath to swear to tell the truth nor asked if he knew the difference between the truth and a lie. He was never asked if he agreed to tell the truth.

At the preliminary examination, the child testified that Petitioner put his finger in his buttocks while they were in the bedroom belonging to the child's sister. (ECF No. 5-2, PageId.522). He further testified that when Petitioner put his finger in his buttocks, his sister was in the room sleeping. (*Id.* at 523). The child further testified that petitioner also tickled his "part," and pointed to his genital area. The prosecutor asked if this happened on the same day or a different day. The child answered that all this happened on "one day" and he told his sister about it. (*Id.* at 525). He further testified that he then went to the hospital. (*Id.* at 526).

On cross-examination, he confirmed that the incident occurred in his sister's bedroom and that he told his sister afterwards. When the defense attorney attempted to ask further questions pertaining to a description of the bedroom, the child would not provide further testimony and attempted to leave the witness stand. At that point, counsel ceased further questioning. Likewise, the prosecutor indicated that she did not have any further questions. (*Id.* at 529).

The child was again asked to testify in advance of the trial. When the witness became reluctant to speak to the prosecutor the morning before trial, the prosecutor

sought to introduce the preliminary examination testimony into evidence at trial. (ECF No. 5-7, PageID.585). The trial court judge ruled that he would consider ruling that the witness was unavailable if the witness refused to testify on the day of trial. The judge then posed questions to the child, who sat with his fingers in his mouth and refused to answer questions about the incident. (*Id.* at 602). The trial court judge informed the parties that he would declare the witness unavailable on the trial date, if the witness remained reluctant to testify. Trial counsel objected to declaring the child unavailable stating, "There's no infirmity, he has no physical or mental infirmity that would stop him from doing what he's already done, testified at the preliminary exam." (*Id.* at 604). On the trial date, the prosecutor informed the court that the witness was present in the courthouse, but still remained unwilling to testify. Defense counsel chose not to have the witness questioned before the jury to determine unavailability.

At trial, the prosecutor moved to enter into evidence the preliminary examination testimony. Over defense counsel's objection on declaring the complainant unavailable, the trial court found that the child was unavailable due to an existing mental illness or infirmity based on his non-responsiveness prior to trial. The trial court permitted the prosecutor to read the child's preliminary examination

testimony to the jury. Defense counsel again did not object, and the prosecutor read the entire preliminary examination transcript to the jury.

The prosecutor then called the child's mother, sister, and examining physician. Based on their testimony, the trial court judge amended the complaint from finger in anal opening to "finger in anal opening and/or penis in anal opening." (ECF No. 5-8, pg. 228). Petitioner was convicted, and Petitioner's conviction was affirmed on appeal. *People v. Beverly*, No. 326199, 2016 WL 6464915 (Mich. Ct. App. Nov. 1, 2016) (Shapiro, J., concurring) (Servitto, J., concurring in part and dissenting in part); *lv. den.* 501 Mich. 860, 900 N.W.2d 630 (2017).

Petitioner seeks habeas relief on the following grounds:

> I. Admission of complainant's hearsay statements at trial, over defense counsel objection, violated Mr. Beverly's constitutional right to confront the witnesses against him.
> II. Mr. Beverly was denied his constitutional right to effective assistance of counsel when trial counsel failed to object to admission of the preliminary exam transcript on state evidentiary grounds.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C.A. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

Petitioner contends that he was denied his Sixth Amendment right to the effective assistance of counsel when trial counsel at the preliminary examination failed to object to the taking of unsworn testimony. Petitioner further argues that trial counsel was ineffective for failing to object, at trial, to entry into evidence of

6

the unsworn preliminary examination testimony of the child witness. Although trial counsel objected to the entry of the preliminary examination transcript into evidence on Confrontation Clause grounds, he did not object to the testimony being unsworn and unqualified. Trial counsel compounded the problem by later impressing upon the jury, in his closing argument, that the child testified under oath and promised to tell the truth. (ECF No. 5-9, PageID.876).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

**The Deficiency of Counsel's Performance**

Petitioner's attorney offered less than reasonable professional assistance when he failed to object to the admission of the preliminary examination testimony on the grounds that it was unsworn. Michigan Rules of Evidence 603 states:

> Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the duty to do so. MICH. R EVID. 603.

The child witness was called to testify at the preliminary examination and provided a minimal amount of testimony before asking to be excused. The court did not swear the witness, nor inquire as to whether the witness knew the difference between the truth and a falsehood. The prosecution did not ask for the witness to be sworn. (ECF No. 5-2, PageID.514-31). Counsel at the preliminary examination did not object to the unsworn testimony because "[t]he issue simply did not come up." *People v. Beverly,* 2016 WL 6464915, at *16. It is uncontroverted that the child was neither administered an oath or affirmation at the preliminary examination nor was he asked any questions about his ability to tell the truth or his understanding of the need to testify truthfully.

The Michigan Court of Appeals upheld Beverly's conviction with a plurality opinion signed by one judge, a concurrence, signed by another, and a dissent signed by a third. The plurality opinion of the Michigan Court of Appeals held that trial

8

counsel's "failure to object to the testimony at the preliminary waived review of its admissibility under the theory that it was unsworn. *People v. Beverly,* 2016 WL 6464915, at *9. Any objection at trial would therefore have been futile, because the issue had been waived. The concurrence and the dissent both agreed that the issue was forfeited at the preliminary examination, not waived, and that an objection would not have been futile.

They were correct. The United States Supreme Court has long recognized the crucial distinction between the concepts of waiver and forfeiture: "[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). One forfeits a right by a failure to act or assert the right whereas one waives a right by affirmatively acting in a way that acknowledges an intent to give up the right. Defense counsel's failure to object to the unsworn testimony at the preliminary examination forfeited, but did not waive, Petitioner's right.

This right was of critical importance to Petitioner. The child witness "was not asked any questions whatsoever concerning his ability to tell the truth and it was in no way impressed upon him that he should be truthful prior to or during his

testimony." *People v. Beverly*, 2016 WL 6464915, at *15 (Servitto, J., dissenting) (internal citation omitted).

The use of this testimony, read to the jury by the prosecutor, did not violate the Confrontation Clause, because the testimony was taken out of the presence of the accused, but rather, because it was unsworn. Evaluating a Maryland statute that allowed child sexual assault statutes to testify by one-way video link, the Supreme Court held that the Confrontation Clause was satisfied only because "the presence of these other elements of confrontation—oath, cross-examination, and observation of the witness' demeanor—adequately ensures that the testimony is both reliable and subject to rigorous adversarial testing in a manner functionally equivalent to that accorded live, in-person testimony." *Maryland v. Craig*, 497 U.S. 836, 851 (1990). "The opportunity to ask questions that a witness must answer under oath is crucial because the oath *awakens the conscience* and, perhaps more importantly, implicates the perjury statutes." *Haliym v. Mitchell*, 492 F.3d 680, 702 (6th Cir. 2007) (emphasis added). Cross-examination, therefore, requires that the witness be sworn or otherwise qualified to tell the truth.

The fact that the child had not been administered an oath prior to testifying, nor made any promise to tell the truth or established that he knew to tell the truth, should have been apparent when the prosecutor began to read the preliminary

examination testimony. (ECF No. 5-7, PageID.602-07). "An objection at that point would have brought the apparent oversight to the trial court and to the prosecutor's attention and may have precluded its admission, which, in turn, could have affected the entire outcome of the trial." *People v. Beverly*, 2016 WL 6464915, at *19 (Servitto, J.) (dissenting opinion). "The Court can discern no reasonable strategic justification for Petitioner's attorney's failure to object to the admission of this testimony." *Wade v. White*, 368 F. Supp. 2d 695, 699 (E.D. Mich. 2005). Trial counsel's oversight, therefore, rose to the level of ineffective assistance of counsel.

The Court of Appeals erroneously applied Supreme Court precedent in its decision. *See Williams*, 529 U.S. at 405-06. By applying the waiver standard instead of the forfeiture standard, the plurality opinion started from the incorrect position that any objection to the preliminary examination testimony would have been futile. By holding that the admission of the preliminary examination testimony did not diminish the integrity of the proceedings, the plurality and the concurrence flew in the face of established Supreme Court precedent emphasizing that the Confrontation Clause requires at least the opportunity to test the veracity of an accuser's statements under oath. *See Craig*, 497 U.S. at 847. Having determined that trial counsel's performance was deficient, the Court next turns to whether the deficiency prejudiced Petitioner.

**Prejudice**

Prejudice will be established if there is a "reasonable probability" that, but for counsel's failure to object, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). A reasonable probability is one sufficient to undermine confidence in the outcome, and "in assessing prejudice, [the Court must] reweigh the evidence in aggravation against the totality of available mitigating evidence." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

By this standard, the admission of the child's testimony was highly prejudicial to Petitioner.

In his opening statement, the prosecutor told the jurors:

> Now, normally in a case like this the little seven-year-old would take the witness stand and testify. But the Judge has made a ruling that [the child] is unavailable for purposes of trial. So what you're going to hear instead is a transcript of testimony that was taken in August of 2014 at the Hamtramck District Court where the child testified *under oath* and was asked questions by the prosecutor and by a defense attorney. (ECF No. 5-8, PageID.731).

The prosecutor then asked the judge to instruct the jury that the child "would have been sworn to tell the truth before he testified." (*Id*. at 739). In response, the trial court judge told the jury that the child may not have been "sworn," but "was qualified to tell the truth. *He was competent, they found that he was competent at*

12

*that time to testify...And he knew the difference—competent to testify means you know the difference between lying and telling the truth.*" (ECF No. 5-8, PageID.739-740) (emphasis added).

This was misleading, as the child was in no way qualified to testify. The Sixth Circuit has held that "asserting facts that were never admitted into evidence may mislead a jury in a prejudicial way." *Washington v. Hofbauer*, 228 F.3d 689, 700 (6th Cir. 2000) (citing *Berger v. United States*, 295 U.S. 78, 84 (1935)). "This is particularly true when a prosecutor misrepresents evidence because a jury generally has confidence that a prosecuting attorney is faithfully observing his obligation as a representative of a sovereignty." *Id.*

The combined effect of the prosecutor's misstatement and the trial judge's lukewarm qualification to that misstatement would easily prejudice even a critical jury. The child was the only witness to name Petitioner as the perpetrator and to provide testimony at the preliminary examination. This Court agrees with the dissent that "the error could have affected the integrity of the proceedings and deprived defendant of a fair trial." *People v. Beverly*, 2016 WL 6464915, at *17.

This is especially true given the inconsistencies between the child's testimony and that of his mother and sister. At the preliminary examination, the child testified, consistent with the charges, that defendant put his finger in the

13

child's "butt" and touched the child's genitals. The child's mother, sister, and examining physician did not testify at the preliminary examination. At trial, the child's mother, sister, and examining physician testified to a second type of penetration. Following testimony by the mother, sister, and examining physician, the prosecutor moved to amend the complaint to add an alternative basis for the CSC I charge.

The preliminary examination testimony, therefore, further prejudiced Petitioner by allowing the prosecutor to amend the complaint and provide the jury with another factual basis on which to find Petitioner guilty. *See People v. Beverly*, 2016 WL 6464915, at *18 (Servitto, J., dissenting). The jury was unable to see the child testify and was told twice, once by the prosecutor and later by the trial court judge, that the child was found to be able to tell a truth from a lie.

While the concurrence relies on the fact that the sister and mother also testified against Petitioner, their testimony was limited to what they heard from the child witness, who was the only first-hand source of allegations against Petitioner. The limited information the child witness provided at the preliminary examination was inconsistent with the trial testimony provided by the sister, mother, and examining physician, as to the location and type of assault. The child testified as to an assault in the sister's bedroom while the sister was asleep (ECF 5-2, PageId.523),

but the sister testified at trial that the assault happened in the basement, and that she was not present (ECF No.5-8, PageID.773-775).

These inconsistencies are exactly the sort of inconsistencies for which cross-examination is designed to investigate. The sister conceded that if her brother said she was in the room when the assault happened and she was asleep, the statement would not be true. (*Id.*) The child testified at the preliminary examination that the assault happened in the sister's bedroom, with the sister present, and while she was asleep. (ECF No. 5-2, PageID.523). The type of assault described by the child in the preliminary examination was also totally inconsistent with the assault as he described it to his sister, to which she testified at trial. (ECF No. 5-2, PageID.523, ECF No. 5-8, PageID.775-776).

The integrity of the judicial proceedings were severely compromised by the unexplored inconsistencies between the preliminary examination testimony and the trial testimony. Indeed, Petitioner may not have been bound over for trial had the court administered an oath, before questioning the witness. Once trial counsel began questioning this witness at the preliminary examination, the witness attempted to leave the courtroom. Had counsel or the court impressed upon the child witness the importance of telling the truth, there may not have even been any preliminary examination testimony.

Not only was trial counsel ineffective by failing to object to admission of the unsworn testimony into evidence, he further compounded the error during closing argument by impressing upon the jury that the testimony was sworn:

> [T]hat leaves you with what you have and that's that transcript. And that transcript is totally the only testimony that you have from Thomas, and it's under oath. He just promises, *he doesn't know what oath means he just promises that he's going to tell the truth.* And supposedly he told the truth. (ECF No. 5-9, PageID.876) (emphasis added).

The prosecutor, judge, and Petitioner's trial counsel all impressed upon the jury that the child's preliminary examination testimony was given under oath or its functional equivalent. The Michigan Court of Appeals' conclusion that defense counsel's failure to object was not prejudicial is inconsistent with *Strickland*. Because defense counsel's performance was unreasonable when he failed to properly object to the admission of the preliminary examination testimony, and because that error undermined confidence in the results of the proceeding, Petitioner was denied the effective assistance of counsel and is entitled to habeas relief. Accordingly,

**IT IS HEREBY ORDERED** that Beverly's Petition for a Writ of Habeas Corpus [1] is **CONDITIONALLY GRANTED.** Unless the state takes action to afford Petitioner a new trial within ninety days, he may apply for a writ ordering Respondent to release him from custody.

**SO ORDERED**.

                                         s/Arthur J. Tarnow
                                         Arthur J. Tarnow
Dated: April 3, 2020             Senior United States District Judge