UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL BEVERLY,

    Petitioner,                                 Civil No. 2:18-CV-13837
                                             HONORABLE ARTHUR J. TARNOW
v.                                            UNITED STATES DISTRICT JUDGE

TONY TRIERWEILER,

    Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR A STAY PENDING APPEAL [14] AND ISSUING A CERTIFICATE OF APPEALABILITY FOR ALL OF PETITIONER'S CLAIMS**

This matter is before the Court on Respondent's motion for immediate consideration and for a stay pending the appeal of the Court's decision to grant habeas relief. (ECF No. 14). The motion to stay will be grated.

On April 3, 2020, this Court granted Petitioner a conditional writ of habeas corpus, holding that Petitioner was denied the effective assistance of trial counsel when counsel failed to object to the admission of the unsworn preliminary examination testimony of the complaining witness after the witness refused to testify at trial.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas

1

relief. This presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F.2d at 166.

The state has a reasonable likelihood of success on the merits. Though Beverly's counsel was certainly deficient, the State has a colorable claim on appeal that Beverly was not prejudiced by this deficiency. This is not a case where the State's likelihood of success is *de minimis*.

Further, the State's interest in the administration of its criminal justice system could be irreparably injured absent a stay. In determining whether to grant a stay, a federal court should consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be

2

strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton,* 481 U.S. at 777. Beverly's earliest release date is July 14, 2044. The State's interest in continuing custody is therefore strong, and it would be harmed absent a stay because it would have to simultaneously re-prosecute Beverly and prosecute its appeal in the Sixth Circuit Court of Appeals. "It would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to grant relief to Petitioner." *Williams v. Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); *rev'd on other grds,* 454 F. App'x 475 (6th Cir. 2012). The public interest would not be served by forcing jury trial that may ultimately be rendered moot by a successful appeal.

As a final matter, the Court will certify both claims of Beverly's petition on appeal. On April 30, 2020, Respondent filed a Notice of Appeal. (ECF No. 10). On May 13, 2020, Petitioner filed a Notice of Appeal. (ECF No. 12). 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's *denial* of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. "Section 2253(c) performs an important gate-keeping function, but once a State has properly noticed an appeal of the grant of habeas relief, the court of appeals must hear the case, and

3

'there are no remaining gates to be guarded.'" *Jennings v. Stephens*, 574 U.S. 271, 282 (2015) (quoting *Szabo v. Walls*, 313 F.3d 392, 398 (7th Cir. 2002) (Easterbrook, J.)). The Court finds that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Accordingly,

**IT IS ORDERED** that Respondent's Motion for a Stay Pending Appeal (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will issue for all of Petitioner's claims.

**SO ORDERED.**

    _s/Arthur J. Tarnow_____
HON. ARTHUR J. TARNOW
UNITED STATES DISTRICT COURT

DATE: June 19, 2020