UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL BEVERLY,

    Petitioner,                        Case No. 2:18-CV-13837
                                         Honorable Arthur J. Tarnow

v.

MATT MACAULEY,[1]

    Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR BOND PENDING APPEAL (ECF No. 22)

This matter is before the Court on petitioner's motion for release on bond pending respondent's appeal. For the reasons that follow, the motion is denied.

On April 3, 2020, this Court granted petitioner a conditional writ of habeas corpus, holding that petitioner was denied the effective assistance of trial counsel when counsel failed to object to the admission of the unsworn preliminary examination testimony of the complaining witness after the witness refused to testify at trial. *Beverly v. Macauley*, 452 F. Supp. 3d 712, 715 (E.D. Mich. 2020). Respondent filed an appeal which remains pending before the Sixth Circuit.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision

---

[1] The Court amends the caption to reflect the current warden of petitioner's incarceration.

granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c).  Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.
>
> *Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F.2d at 166.

In determining whether to release a successful petitioner on bail pending the appeal of the order granting relief to a habeas petitioner, federal courts are not restricted to consider only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the petitioner, the interest of the habeas petitioner in his release pending appeal, and the likelihood of the state's success on the merits of the

appeal. *Hilton v. Braunskill*, 481 U.S. at 777. The state's interest in continuing custody and rehabilitation of the habeas petitioner pending a final determination of the case on appeal will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served. *Id.* The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-778. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman v. Tate*, 958 F.2d at 166.

The Court will deny petitioner's motion for bond pending appeal. Although the Court believes that respondent is unlikely to prevail on the merits of its case before the Sixth Circuit, the Court nevertheless believes that there are other factors that militate against the release of petitioner at this point. First and foremost is the danger that petitioner could pose to the public if released. Petitioner was convicted of sexually assaulted a young boy. Petitioner also has a history of misconduct in prison. Petitioner was sentenced to thirty to sixty years in prison on the most serious of the offenses he was convicted of and has at least twenty four and a half years remaining to serve on the minimum sentence.

The Due Process Clause of the United States Constitution does not prohibit federal courts from considering a habeas petitioner's danger to the community in

determining whether to release a habeas petitioner on bail pending appeal. *Hilton,* 481 U.S. at 779. This Court believes that the potential danger that petitioner poses to the public weighs against his release. The fact that petitioner is also serving a lengthy sentence also weighs against his release. Finally, this Court "may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Id.* at 775.

The motion for bond pending appeal (ECF No. 22) is DENIED.

**SO ORDERED.**

                                   s/Arthur J. Tarnow
                                   ARTHUR J. TARNOW
                                   SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 10, 2021